Thomas E. Gorman, Esq (TEG5122 )
244 Westchester Avenue, Ste. 410
White Plains, New York 10604
(914) 684-1155
Attorney for Plaintiffs
tgormanesq@yahoo.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y

★ DEC 3 0 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 09 - 5711

MAUSKOPF, J.

------------------------------------------------------------------X

BOGDAN TESOVIC, DEJAN PAPRIC and
MARKO MILICEVIC,

                                        Plaintiffs,

                -against-

THE CITY OF NEW YORK, DETECTIVE ROBERT
ANDERSON and POLICE OFFICERS JOHN DOE
1-10, inclusive

                                        Defendants.

------------------------------------------------------------------X

COMPLAINT CARTER, M.J.
and JURY DEMAND

Case No.:

Plaintiffs, by their attorney, THOMAS E. GORMAN, complaining of the

Defendants, respectfully alleges, upon information and belief as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Constitution of the United States, particularly the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the

laws of The United States, particularly the Civil Rights Act, Title 42 USC, §1983 and §1988 and

the common laws of the State of New York.

2.      The jurisdiction of this Court is invoked under the provisions of title 28 USC §

1331 and §1343.

3.      Venue is placed in this district because it is the district in which the events

complained of occurred.

## PARTIES

4.    Plaintiff BOGDAN TESOVIC  at all times herein after mentioned is a citizen of the United States, resident of the County of Queens, State of New York.

5.    Plaintiff DEJAN PAPRIC  at all times herein after mentioned is a citizen of the United States, resident of the County of Queens, State of New York.

6.    Plaintiff MARKO MILICEVIC  at all times herein after mentioned is a citizen of the United States, resident of the County of Queens, State of New York.

7.    Defendant THE CITY OF NEW YORK is a municipal corporation duly incorporated under the laws of the State of New York.

8.    That at all times herein after mentioned the Defendant THE CITY OF NEW YORK maintained a police department.

9.    That Defendant   DETECTIVE ROBERT ANDERSON was a police officer duly appointed and acting as an officer of the aforementioned police department.

10.    That Defendants POLICE OFFICERS JOHN DOE 1-10, inclusive  were police officers duly appointed and acting as an officer of the aforementioned police department but whose names are currently unknown to plaintiffs.  Plaintiffs will amend this complaint to reflect the proper names of these defendants once same become known.

## FACTS COMMON TO ALL CAUSES OF ACTIION

11.    Upon information and belief, on or about November 25, 2008, at about 5:30 PM, inside of 883 Wyckoff Ave., County of Queens, State of New York, the Plaintiffs  were arrested for and charged with allegedly having committed the violations of:

PL 220.16-1  Criminal possession of a controlled substance in the third degree

PL 220.03    Criminal possession of a controlled substance in the seventh degree.

12.    The one of the arresting officers are believed to be  DETECTIVE
ROBERT ANDERSON  Tax ID#: 926505 and  POLICE OFFICERS JOHN DOE1-10, inclusive.
The plaintiffs informed the officers they were not involved with the drugs and were bystanders to
the incident who were in the building to fix the boiler.

13.    The officers did not attempt to verify the Plaintiffs' story.  Plaintiffs were falsely
accused, and wrongly taken into custody, arrested, photographed, processed, questioned,
arraigned, searched, imprisoned and confined by the Defendants and other unknown agents as a
result of the unsupported and outrageous claims set forth above.

14.    Thereafter the Plaintiffs were processed through the criminal justice system and
subjected by defendants and others to finger printing, photographing and placed in a cell.

15.    That Plaintiffs were later transferred to a cell in central booking and held for an
24 hours. Their total time of incarceration was 28 hours.

16.    That Plaintiffs were aware of their confinement and at no time did they consent to
same.

17.    That on or about November 27, 2008 Plaintiffs were released from custody.

18.    On or about January 14, 2009, when the criminal charges against Plaintiffs, were
dismissed, by Judge S. Melendez in Part N of the Criminal Court Queens County.

19.    That on or about  April 2, 2009,  Notices of Claim against The City of New York
were filed on behalf of the plaintiffs.

20.    That Defendants THE CITY OF NEW requested a hearing of Plaintiffs pursuant
to G.M.L. *§50-h* and said hearings were held on June 4, 11 and 13, 2009.

31.    That more than 30 days have elapsed since service of the Notices of Claim and

Defendant CITY OF NEW YORK has refused to settle or adjust this matter.

32.    This action instituted within a year and ninety days from the date of the incident upon which the claim is based.

33.    Plaintiffs did not commit the crimes alleged in the Complaint or at any relevant time commit any offense against the laws, ordinances or Statutes of the City or State of New York and Defendants did not have any reasonable grounds for believing that Plaintiffs were committing or had committed any offense.

## AS AND FOR A FIRST CAUSE OF ACTION

34.    Plaintiff BOGDAN TESOVIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs, as though set forth herein at length.

35.    That Defendants under color of law and by virtue of their official position as detectives and/or police officers maliciously, unlawfully and without reasonable or probable cause and without warrant or any process of any Court arrested Plaintiff S BOGAN TESOVIC and incarcerated him.

36.    By reason of the foregoing, Plaintiff BOGAN TESOVIC  was deprived of his right to be free, without due process of law, his right not to be deprived of life and liberty and to be free of unreasonable seizure, all of which are violations of his rights under the laws of the Constitution of The United States, in particular the Fourth, Fifth and Fourteenth Amendments thereof.

37.    As a result of their actions Defendants violated Plaintiff BOGDAN TESOVIC's Civil Rights pursuant to §42 USC, 1983.

38.    As a result of the foregoing Plaintiff has been caused to sustain damages in the sum of $250,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

39.    Plaintiff BOGDAN TESOVIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

40.    That at all times herein after mention Defendant THE CITY OF NEW YORK was negligent in training and supervision of its police officers in the fundamental law of arrest.

41.    As a direct and proximate cause of aforesaid omissions, the Plaintiff BOGDAN TESOVIC was improperly arrested and falsely imprisoned.

42.    As a result of the foregoing Plaintiff has been caused to sustain damages in the sum of $250,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

43.    Plaintiff BOGDAN TESOVIC repeats, reiterates and realleges each and every allegation set forth in paragraphs contained herein, as though set forth herein at length.

44.    Defendant CITY OF NEW YORK was negligent, careless and reckless in retaining said police officers, knowing they committed prior actions which were outside of police procedure and policies, thereafter receiving complaints about individual police officers regarding their conduct on the job prior to the within arrest and incarceration of the Plaintiff BOGDAN TESOVIC

45..    As a result of the foregoing Plaintiff BOGDAN TESOVIC was caused to sustain damages in the sum of $250,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

46.    Plaintiff BOGAN TESOVIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

47.    That the individual Defendants falsely arrested and imprisoned Plaintiff BOGAN TESOVIC.

48.    As a result of the foregoing Plaintiff was damaged in the sum of $250,000.00.

### AS AND FOR A FIFTH CAUSE OF ACTION

49.    Plaintiff BOGDAN TESOVIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

50.    On, November 25, 2008, while defendant the Police Officers had plaintiff in custody, they claimed that they had reasonable grounds to believe that plaintiff had committed a crimes of  PL 220.16-1  Criminal possession of a controlled substance in the third degree and PL 220.03    Criminal possession of a controlled substance in the seventh degree, and filed a complaint against plaintiff charging plaintiff with those offenses.  Plaintiff was htereafter prosecuted for those offenses.  On or about January 14, 2009, when the criminal charges against Plaintiff, were dismissed, by Judge S. Melendez in Part N of the Criminal Court Queens County.

51.    The above described prosecution by defendant Police Officers was malicious and without reasonable or probable cause, and was instituted by defendants to attempt to cover up and justify defendants' offensive and malicious acts and conduct in arresting, harassing, annoying and oppressing plaintiff.

52.    As a result of the foregoing Plaintiff BOGDAN TESOVIC was damaged in the sum of $250,000.00.

### AS AND FOR A SIXTH CAUSE OF ACTION

53.    Plaintiff DEJAN PAPRIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs, as though set forth herein at length.

54.    That Defendants under color of law and by virtue of their official position as

detectives and/or police officers maliciously, unlawfully and without reasonable or probable cause and without warrant or any process of any Court arrested Plaintiff DEJAN PAPRIC and incarcerated him.

55.     By reason of the foregoing, Plaintiff DEJAN PAPRIC was deprived of his right to be free, without due process of law, his right not to be deprived of life and liberty and to be free of unreasonable seizure, all of which are violations of his rights under the laws of the Constitution of The United States, in particular the Fourth, Fifth and Fourteenth Amendments thereof.

56.     As a result of their actions Defendants violated Plaintiff DEJAN PAPRIC's civil Rights pursuant to §42 USC, 1983.

57.     As a result of the foregoing Plaintiff has been caused to sustain damages in the sum of $250,000.00.

## AS AND FOR A SEVENTH CAUSE OF ACTION

58.     Plaintiff DEJAN PAPRIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

59.     That at all times herein after mention Defendant THE CITY OF NEW YORK was negligent in training and supervision of its police officers in the fundamental law of arrest.

60.     As a direct and proximate cause of aforesaid omissions, the Plaintiff DEJAN PAPRIC was improperly arrested and falsely imprisoned.

61.     As a result of the foregoing Plaintiff has been caused to sustain damages in the sum of $250,000.00.

## AS AND FOR A EIGHTH CAUSE OF ACTION

62.     Plaintiff DEJAN PAPRIC repeats, reiterates and realleges each and every

Plaintiff, were dismissed, by Judge S. Melendez in Part N of the Criminal Court Queens County.

70.     The above described prosecution by defendant Police Officers was malicious and without reasonable or probable cause, and was instituted by defendants to attempt to cover up and justify defendants' offensive and malicious acts and conduct in arresting, harassing, annoying and oppressing plaintiff.

71.     As a result of the foregoing Plaintiff DEJAN PAPRIC was damaged in the sum of $250,000.00.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

72.     Plaintiff MARKO MILICEVIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs, as though set forth herein at length.

73.     That Defendants under color of law and by virtue of their official position as detectives and/or police officers maliciously, unlawfully and without reasonable or probable cause and without warrant or any process of any Court arrested Plaintiff  MARKO MILICEVIC and incarcerated him.

74.     By reason of the foregoing, Plaintiff MARKO MILICEVIC  was deprived of his right to be free, without due process of law, his right not to be deprived of life and liberty and to be free of unreasonable seizure, all of which are violations of his rights under the laws of the Constitution of The United States, in particular the Fourth, Fifth and Fourteenth Amendments thereof.

75.     As a result of their actions Defendants violated Plaintiff MARKO MILICEVIC 's civil Rights pursuant to §42 USC, 1983.

76.     As a result of the foregoing Plaintiff has been caused to sustain damages in the sum of $250,000.00.

allegation set forth in paragraphs contained herein, as though set forth herein at length.

63.     Defendant CITY OF NEW YORK was negligent, careless and reckless in

retaining said police officers, knowing they committed prior actions which were outside of police

procedure and policies, thereafter receiving complaints about individual police officers regarding

their conduct on the job prior to the within arrest and incarceration of the Plaintiff DEJAN

PAPRIC

64     As a result of the foregoing Plaintiff DEJAN PAPRIC was caused to sustain

damages in the sum of $250,000.00.

## AS AND FOR A NINTH CAUSE OF ACTION

65.   Plaintiff DEJAN PAPRIC repeats, reiterates and realleges each and every allegation

set forth above in paragraphs contained herein, as though set forth herein at length.

66.     That the individual Defendants falsely arrested and imprisoned Plaintiff DEJAN

PAPRIC.

67.     As a result of the foregoing Plaintiff was damaged in the sum of $250,000.00.

## AS AND FOR A TENTH CAUSE OF ACTION

68.     Plaintiff DEJAN PAPRIC repeats, reiterates and realleges each and every

allegation set forth above in paragraphs contained herein, as though set forth herein at length.

69.     On, November 25, 2008, while defendant the Police Officers had plaintiff in

custody, they claimed that they had reasonable grounds to believe that plaintiff had committed a

crimes of  PL 220.16-1  Criminal possession of a controlled substance in the third degree and

PL 220.03     Criminal possession of a controlled substance in the seventh degree, and filed a

complaint against plaintiff charging plaintiff with those offenses.   Plaintiff was hereafter

prosecuted for those offenses.  On or about January 14, 2009, when the criminal charges against

## AS AND FOR A TWELFTH CAUSE OF ACTION

77.    Plaintiff MARKO MILICEVIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

78.    That at all times herein after mention Defendant THE CITY OF NEW YORK was negligent in training and supervision of its police officers in the fundamental law of arrest.

79.    As a direct and proximate cause of aforesaid omissions, the Plaintiff MARKO MILICEVIC was improperly arrested and falsely imprisoned.

80.    As a result of the foregoing Plaintiff has been caused to sustain damages in the sum of $250,000.00.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

81.    Plaintiff MARKO MILICEVIC  repeats, reiterates and realleges each and every allegation set forth in paragraphs contained herein, as though set forth herein at length.

82.    Defendant CITY OF NEW YORK was negligent, careless and reckless in retaining said police officers, knowing they committed prior actions which were outside of police procedure and policies, thereafter receiving complaints about individual police officers regarding their conduct on the job prior to the within arrest and incarceration of the Plaintiff MARKO MILICEVIC

83    As a result of the foregoing Plaintiff MARKO MILICEVIC was caused to sustain damages in the sum of $250,000.00.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

84.    Plaintiff MARKO MILICEVIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

85.    That the individual Defendants falsely arrested and imprisoned Plaintiff MARKO

MILICEVIC.

86.    As a result of the foregoing Plaintiff was damaged in the sum of $250,000.00.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

87.    Plaintiff MARKO MILICEVIC repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

88.    On, November 25, 2008, while defendant the Police Officers had plaintiff in custody, they claimed that they had reasonable grounds to believe that plaintiff had committed a crimes of  PL 220.16-1  Criminal possession of a controlled substance in the third degree and PL 220.03   Criminal possession of a controlled substance in the seventh degree, and filed a complaint against plaintiff charging plaintiff with those offenses.   Plaintiff was htereafter prosecuted for those offenses.  On or about January 14, 2009, when the criminal charges against Plaintiff, were dismissed, by Judge S. Melendez in Part N of the Criminal Court Queens County.

89.    The above described prosecution by defendant Police Officers was malicious and without reasonable or probable cause, and was instituted by defendants to attempt to cover up and justify defendants' offensive and malicious acts and conduct in arresting, harassing, annoying and oppressing plaintiff.

90.    As a result of the foregoing Plaintiff  MARKO MILICEVIC was damaged in the sum of $250,000.00.

**WHEREFORE** Plaintiffs requests judgment against the Defendants and each of them as follows:

1.  On plaintiff's First Cause of Action a sum of $250,000.00.

2.  On plaintiff's Second Cause of Action a sum of $250,000.00.

3.  On plaintiff's Third Cause of Action a sum of $250,000.00.

4. On plaintiff's Fourth Cause of Action a sum of $250,000.00.

5. On plaintiff's Fifth Cause of Action a sum of $250,000.00.

6. On plaintiff's Sixth Cause of Action a sum of $250,000.00.

7. On plaintiff's Seventh Cause of Action a sum of $250,000.00.

8. On plaintiff's Eighth Cause of Action a sum of $250,000.00.

9. On plaintiff's Ninth Cause of Action a sum of $250,000.00.

10. On plaintiff's Tenth Cause of Action a sum of $250,000.00.

11. On plaintiff's Eleventh Cause of Action a sum of $250,000.00.

12. On plaintiff's Twelfth Cause of Action a sum of $250,000.00.

13. On plaintiff's Thirteenth Cause of Action a sum of $250,000.00.

14. On plaintiff's Fourteenth Cause of Action a sum of $250,000.00.

15. On plaintiff's Fifteenth Cause of Action a sum of $250,000.00.

and attorneys fees pursuant to §42 USC 1988 and for such other and further relief as this

Court may deem just and proper.

Dated: New York, New York
       December 30, 2009

Thomas E. Gorman, Esq (TEG 5122)
Attorney for Plaintiffs
244 Westchester Avenue, Ste. 410
White Plains, New York 10604
(914) 684-1155